# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| EMILY NEVETT and BONNIE NOBLE, on behalf of themselves and all other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>RENOWN HEALTH, et al.,<br><br>Defendants. | Case No.: 3:21-cv-00319-RCJ-WGC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR CIRCULATION OF NOTICE PURSUANT TO 29 U.S.C. § 216(b)** |

Plaintiffs' Motion for Circulation of Notice pursuant to 29 U.S.C. § 216(b) came on hearing by this court on Tuesday, December 14, 2021, at 10:00 a.m., before the Honorable William G. Cobb, United States Magistrate Judge of the above-named court, located at 400 S. Virginia Street, Reno, NV 89501.  After considering all papers filed in support of and in opposition the motion, arguments of counsel, and all other matters presented to this court, and for good cause shown, the court rules as follows:

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Circulation of Notice pursuant to 29 U.S.C. § 216(b) is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Thierman Buck, LLP is appointed as Class Counsel for the Fair Labor Standards Act (FLSA) Classes.

/ / /

**IT IS FURTHER ORDERED** that Plaintiffs EMILY NEVETT and BONNIE NOBLE are appointed as the Class Representatives of the FLSA Off-the-Clock Class and the FLSA Auto Deduct Class.

**IT IS FURTHER ORDERED** that Plaintiff EMILY NEVETT is appointed as the Class Representative of the FLSA On-Call Overtime Class.

**IT IS FURTHER ORDERED** that the Consent to Join Form is Approved.

**IT IS FURTHER ORDERED** that the Notice is Approved.

**IT IS FURTHER ORDERED** that the Notice of this lawsuit shall be sent to all nonexempt hourly paid patient care employees who: (1) interacted with EPIC off the clock (as demonstrated by the comparison between the EPIC and KRONOS time data), (2) were subject to Defendant's Auto Deduct Meal Break policy, and/or (3) were subject to Defendant's On-Call Overtime policy, at any time from April 3, 2017, to the present date.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the issuance of this Order, Defendant shall provide Plaintiffs' counsel with a list in computer-readable format of: (a) the full name; (b) current home address or last known address; and (c) personal email address (if maintained) of each person who falls within the definition set forth in that paragraph directly above.

**IT IS FURTHER ORDERED** that, within forty (40) days of the issuance of this Order, Plaintiffs' counsel or a Claims Administration company that Plaintiffs' counsel selects to process mailing and opt-in forms (hereinafter collectively referred to as "Claims Administrator") shall: (1) mail a Notice, a Consent to Join form, and a postage pre-paid envelope to each person identified on the list disclosed in the above paragraph, and (2) email a Notice and a Consent to

Join form to each person identified on the list disclosed in the above paragraph and provide a response address to return Consent to Join forms.

**IT IS FURTHER ORDERED** that any person who wishes to opt into this lawsuit shall complete the Consent to Join form and return it to Plaintiffs' counsel or the Claims Administrator via U.S. Mail or electronically within 75 days of the notice being mailed.

**IT IS FURTHER ORDERED** that, in the event any packet is returned undeliverable, the Claims Administrator shall, within fourteen (14) days thereafter, notify the court and take requisite steps to obtain an alternate address for that addressee and mail the notice packet to that alternate address. The Claims Administrator shall keep a record of: (a) the date on which any notice packet is returned undeliverable; (b) the date on which the undeliverable notice packet is sent to an alternate address; and (c) any updated addresses.

**IT IS FURTHER ORDER** that Plaintiffs' counsel shall file the list of people who timely return their Consent to Join forms within the 75-day opt-in period.

DATED: December 17, 2021.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE