**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EMILY NEVETT and BONNIE NOBLE, on behalf of themselves and all other similarly situated individuals,

    Plaintiffs,

v.

RENOWN HEALTH, *et al.*,

    Defendants.

Case No. 3:21-cv-00319-RCJ-CSD

**ORDER**

Plaintiffs Emily Nevett and Bonnie Noble allege, in their First Amended Complaint (ECF No. 9) that their former employer, Defendant Renown Health (Renown), failed to properly pay them overtime wages as required by the Fair Labor Standards Act (FLSA), 29 U.S.C § 207, and state law, Nev. Rev. Stat. § 608.018.  They also allege Renown failed to pay them for all time worked as required by Nev. Rev. Stat. § 608.106 and failed to pay them all wages due and owing when they stopped working for Renown as required by Nev. Rev. Stat. § 608.020.  Renown now moves to dismiss the First Amended Complaint for failing to plausibly allege any claim.  (ECF No. 13).  Plaintiffs oppose the motion.  (ECF No. 16).  Having considered the allegations of the First Amended Complaint and the arguments of the parties, the Court will deny the motion as to certain of Nevett's claims and will grant the motion as to all other claims but will provide Plaintiffs leave to amend the dismissed claims.

In December 2021, Renown filed an emergency motion to stay the Magistrate Judge's order regarding circulation of the Notice of Pendency of Plaintiffs' FLSA collective action (ECF No. 28), and subsequently filed an objection to that order (ECF No. 31). To the extent that can be ascertained from the record, it appears that both the motion for stay and the objection have become moot and will be denied as such.

## I. PROCEDURAL HISTORY

Nevett initiated this matter in state court in April 2020, as a class action suit against Renown, alleging 3 state law claims for failure to pay overtime, failure to compensate for all hours worked, and failure to pay wages due and owing. In June 2021, Renown moved for partial summary judgment. In response, Nevett moved to amend her complaint. Before Nevett was granted leave to amend, Renown removed the matter to this Court. Nevett moved to remand the litigation back to state court. The parties then stipulated that Nevett could file her proposed First Amended Complaint, and Nevett withdrew her motion to remand. The First Amended Complaint both added Noble as a plaintiff and added the FLSA claim as a collective action.

Renown filed the present motion to dismiss the First Amended Complaint.

Plaintiffs moved to circulate a notice of the pendency of their FLSA claim pursuant to 29 U.S.C. § 216(b). The Magistrate Judge granted that motion on December 17, 2021, requiring Renown to provide Plaintiffs with the names of persons falling within the proposed classes for the FLSA claim within 30 days of the Order, requiring Plaintiffs' counsel to mail the Notice of Pending FLSA action and Consent to Join Forms with 40 days of the Order, providing for a 75 day period from the mailing of the Notice for persons to complete their Consent to Join forms, and requiring Plaintiffs' counsel to file the list of persons who timely returned the Consent to Join forms.

On December 23, 2021, Renown filed an emergency motion to stay the Order granting Plaintiffs' motion to circulate Notice. On December 28, 2021, Renown filed an objection to the Magistrate Judge's order.

**II.  BACKGROUND**

Nevett worked as a registered nurse for Renown from July 2018 to October 2019. Noble worked for Renown as a certified nursing assistant and as a unit clerk from 2015 to about August 2020.

Renown used a time-keeping system known as "KRONOS" by which employees would clock in at the beginning of their shift and clock out at the end their shift. Employees would not clock out for meal breaks (and thus would not clock in at the end of a meal break). Rather, in computing the hours worked by an employee for each shift, Renown would deduct 30 minutes for a meal break. Renown did not verify whether an employee had taken a meal break.

During meal breaks, Plaintiffs were required to carry a Renown-owned telephone or radio, to respond to any calls, and were not permitted to leave Renown's premises.

As part of their duties, Plaintiffs documented patient care notes and records in Renown's electronic medical records system, known as "EPIC." The EPIC system would record the specific time that Plaintiffs entered data into the system. Plaintiffs allege that this time stamp in EPIC would, if compared to the KRONOS time records, show that they entered data into the EPIC system during meal breaks and when they were not clocked into the KRONOS system, i.e., when they were off-the-clock.

Nevett had a regular schedule of three 12.5-hour shifts each week. For each shift, Renown compensated Nevett for 12 hours of work after deducting 30 minutes for the meal break. In addition to her regular shifts, she was also required to work a 12-hour on-call shift once each month. She alleges she worked approximately 10 on-call shifts during her employment.

Noble initially had a regular schedule of three 12.5-hour shifts each week. Beginning sometime in 2019, Noble had a regular schedule of five 8.5-hour shifts each week.

Both Noble and Nevett allege they "routinely worked extra shifts and extra hours."

Nevett further alleges that she received a non-discretionary bonus of $1,514.74 that was based upon her employee earnings during the preceding year. She alleges this bonus payment was not included in calculating her regular rate of pay for overtime payment calculations.

Nevett further alleges that her regular rate of pay for a regular shift was $30.62 per hour. She alleges her regular base pay for her on-call shift was $45.93 per hour. She alleges that, in weeks she worked an on-call shift, she was actually paid a total of $1,653.48 (representing 36 hours at $30.62 and 12 hours at $45.93). Nevett thus alleges that her regular rate of pay for weeks that she worked an on-call shift was $34.45 ($1,653.48 divided by 48 hours) and the overtime rate during such weeks was $51.68. Accordingly, she calculates that she should have been paid $1,791.44 (40 hours at $34.45 plus 8 hours at $51.68); that is, she alleges she was underpaid by $137.96 in weeks that she worked an on-call shift in addition to her 3 regular shifts.

## III. LEGAL STANDARDS

The defendant's motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiff's complaint states "a claim upon which relief can be granted." In ruling upon this motion, the court is governed by the relaxed requirement of Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *Landers v. Quality Communications, Inc.*, 771 F.3d 638, 641 (9th Cir. 2015). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, *Landers*, 771 F.3d at 642. In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555, *Landers*, 771 F.3d at 641. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679. Thus, this Court considers the conclusory statements in a complaint pursuant to their factual context.

To be plausible on its face, a claim must be more than merely possible or conceivable. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. (citing Fed. R. Civ. P. 8(a)(2)). Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim. *Id*. at 567.

"[A]t a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week." *Landers*, 771 F.3d at 645.

## IV. DISCUSSION

### A. First Cause of Action -- Gap Time

Renown argues that Plaintiffs' FLSA claim must be dismissed to the extent they are making a claim for "gap time." Gap time refers to "uncompensated hours worked that fall between the minimum wage and overtime provisions of the FLSA." *Adair v. City of Kirkland*, 185 F.3d 1055, 1062 (9th Cir. 1999). Plaintiffs respond that they have not alleged a gap time claim under the FLSA. The Court agrees. As alleged in the First Amended Complaint, Plaintiffs plainly define the scope allege of their FLSA claim: "Defendant has failed to pay Plaintiffs and FLSA Class Members overtime for all hours worked in excess of forty (40) hours in a week in violation of 29 U.S.C. Section 207(a)(1)." As Plaintiffs have not attempted to allege an FLSA "gap time" claim, the Court cannot dismiss such a non-existent claim.

### B. First Cause of Action -- FLSA Claim for Overtime Hours Worked in a Given Week

Nevett alleges that that she regularly worked three 12.5-hour shifts every workweek. Noble alleges that when she began working for Renown she regularly worked three 12.5-hour shifts each workweek, then she began working five 8.5-hour shifts during a workweek. They further allege that, for each shift, Renown automatically deducted 30 minutes for meal breaks and paid them only for 12 hours and 8 hours of work, respectively, for each shift worked. Plaintiffs also allege that they were required to carry a Renown-owned telephone or radio during meal breaks, to remain on Renown property during meal breaks, and to respond to any calls that occurred during meal breaks.

Plaintiffs argue that, while Renown automatically deducted 30 minutes from each shift for their meal break, they were not provided a bona fide meal break. Accordingly, an initial issue in considering whether Plaintiffs' have stated an FLSA claim is whether they sufficiently alleged facts raising a plausible inference that they were not provided a bona fide meal break in a given shift. The Court notes, at the outset, the Plaintiffs' failure to identify any given shift, or any given week, in

6

which they were not provided a bona fide meal break. Rather, Plaintiffs have only generally alleged that *none* of their meal breaks were bona fide. The Court finds that Plaintiffs have not met their burden of alleging facts showing that their meal breaks were not bona fide.

Implicit in Plaintiff's allegations is that they were provided a 30-minute meal break each shift. Plaintiffs argue this was not a bona fide meal break because they were required to carry a Renown-owned telephone or radio, were required to respond to calls, and were not permitted to leave Renown's premises. To be a bona fide meal break, "the employee must be completely relieved from duty for the purposes of eating regular meals." 29 C.F.R. 785.19(a). "It is not necessary that an employee be permitted to leave the premises if he is otherwise completely freed from duties during the meal period." 29 C.F.R. 785.19(b). Plaintiffs cite solely to the language of this regulation as establishing that they have sufficiently alleged that the meal breaks were not bona fide.

While the regulation is stated in absolute terms—completely relieved and completely freed from duties—the courts and even the Department of Labor have applied a more practical construction to this regulation. *See, for example, Reich v. S. New Eng. Telecomms. Corp.*, 121 F.3d 58, 64 (2nd Cir. 1997) ("To be consistent with the FLSA's use of the term 'work' as construed in *Armour* [*& Co. v. Wantock*, 323 U.S. 126 (1944)] and *Skidmore* [*v. Swift*, 323 U.S. 134 (1944)], we believe § 785.19 must be interpreted to require compensation for a meal break during which a worker performs activities predominately for the benefit of the employer").

For purposes of this motion, the Court accepts as true Plaintiffs' allegations that they were required to remain on premises during meal breaks.[1] The remain-on-premises requirement does not, of itself, cause a meal break to not be bona fide. Rather, § 785.19(b) expressly recognizes that a remain-on-premises requirement can be consistent with bona fide meal breaks. Plaintiffs' additional

---

[1] The Court assumes that the alleged meal break requirements applied to every meal break.

7

allegations that they were also required to carry a Renown-owned telephone or radio and to respond to any calls does not raise a plausible inference that, during their meal breaks, Plaintiffs were performing activities predominately for the benefit of Renown.

Considered as a whole, Renown's requirements that Plaintiffs remain on premises, carry a Renown-owned phone or radio, and respond to any call effectively constitute a single activity for the benefit of Renown: that Plaintiffs remain "on-call" during their meal breaks. Undoubtedly, Renown's requirement that Plaintiffs remain on-call during their meal break raises the possibility that Renown could interrupt their meal breaks and require them to return to work status. However, Plaintiffs' complaint does not allege any specific instances in which Renown called them during a meal break, requiring that they interrupt their meal break and return to work. In *Skidmore*, the Supreme Court gave deference to the Administrator's general test of excluding "sleeping and eating time of these employees from the work-week and the inclusion of all other on-call time." 323 U.S. 139. The Supreme Court further noted in that case that "the evidence shows that they were very rarely interrupted in their normal sleeping and eating time, and these are pursuits of a purely private nature which would presumably occupy the employees' time whether they were on duty or not and which apparently could be pursued adequately and comfortably in the required circumstances." *Id*. In the present matter, Plaintiffs' complaint rests solely on the premise that, as employees, they were never given a bona fide meal break because they were always on-call. While Plaintiffs have sufficiently alleged that they remained on-call during their meal breaks, they have not alleged facts showing that this on-call status precluded them for adequately and comfortably taking their meal break under the required circumstances. As such, Plaintiffs have not alleged sufficient facts to raise a plausible inference that their on-call status caused their meal breaks to be compensable time.

Plaintiffs' allegations that a comparison of the EPIC and KRONOS time stamps will show that they entered data during meal breaks are likewise insufficient to raise a plausible inference that

Plaintiffs were never given a bona fide meal break. Relying on *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), Plaintiffs argue that Renown has the burden of "confirming that an employee is not entitled to compensation when it manipulates employee time records such as the auto deduct policy at issue here." Plaintiffs' Opposition, ECF No. 16 at 6. Plaintiffs' reliance on *Anderson* is misplaced for several reasons. First, the Supreme Court did not reach any such holding in *Anderson*. Second, *Anderson* is irrelevant to the question whether Plaintiffs have adequately pled facts raising a plausible inference that they performed work during their meal breaks. In *Anderson*, the Supreme Court instead established that "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work *as a just and reasonable inference.*" *Id.,* at 687. Only once the employee has raised such an inference does the burden shift to the employer "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88. The employer's failure to meet its burden allows the award of damages to be based on the inference raised by the employee. Thus, at a minimum, Plaintiffs have the initial burden of alleging facts in their complaint that raise plausible inferences that they (a) performed work for which they were not properly compensated during meal breaks, and (b) the amount of that work. Merely alleging that Renown did not keep accurate records—by failing to verify that employees did not perform work during meal breaks—does not meet the Plaintiffs' initial burden of showing they performed work. Further, Plaintiffs' allegation that a comparison of the EPIC and KRONOS time stamps will show they performed data entry during meal breaks does not meet their burden of showing that they worked during a given meal break or the amount of hours worked. Rather, the allegation merely invites speculation, particularly as it does not identify any given week or meal break in which Plaintiffs engaged in data entry during a meal break.

In sum, Plaintiffs have not alleged facts raising a plausible inference that, during any given week, Plaintiffs performed uncompensated work during a meal break. Stated otherwise, in considering whether Plaintiffs have sufficiently alleged, under *Landers*, that they worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week, Plaintiffs have not alleged facts permitting the Court to infer that they performed work for Renown during their meal breaks. Accordingly, the Court cannot include the time spent in meal breaks in calculating the number of hours Plaintiffs worked during a given week.

For similar reasons, Plaintiffs have not alleged facts raising a plausible inference that, during a given week, Plaintiffs performed uncompensated work entering data into the EPIC system either before or after their regular shift. Plaintiffs' general allegation that they "routinely" worked extra hours does not meet their burden of alleging facts that they worked extra hours entering data during a given week. Similarly, Plaintiffs' allegation that a comparison of the KRONOS and EPIC system time stamps would demonstrate that data entry occurred when employees were not clocked-in to KRONOS does not meet their burden of showing that they engaged in such uncompensated work during a given week.

Considering the entirety of the allegations in the complaint applicable to Noble, the Court finds that she has not alleged sufficient facts to raise a plausible inference that, for any given week, she worked more than 40 hours for which she was not compensated pursuant to the requirements of the FLSA. Noble has alleged sufficient facts to establish she worked 40 hours each week. She has alleged that she routinely worked extra shifts and extra hours. She has not alleged any facts, however, suggesting that she was not properly compensated for these routinely-worked extra shifts and extra hours. As noted previously, Plaintiffs have not alleged sufficient facts permitting a plausible inference that Noble performed uncompensated work during her meal breaks or before or after work in any given week. The Court will dismiss Noble's FLSA claim without prejudice.

Nevett has, however, alleged that she worked about 10 on-call shifts, in addition to her three regular 12-hour shifts,[2] during her employment with Renown. As each on-call shift was also 12 hours, Nevett has sufficiently identified about 10 given weeks in which she worked 48 hours. While Nevett concedes she was compensated for the overtime hours, Nevett has also alleged facts suggesting that she was not fully compensated for the work she performed in excess of 40 hours during those weeks. Specifically, Nevett has alleged that she received a bonus that should have been, but was not, included in calculating her regular rate of pay. Nevett has also alleged facts suggesting that her regular rate of pay, during weeks in which she worked an on-call shift, was incorrectly calculated. In moving to dismiss, Renown has not offered any argument that Nevett's allegations regarding her regular rate of pay are insufficient to raise a plausible inference that she was not properly compensated for her overtime hours in the approximately 10 weeks she had an on-call shift. Accordingly, the Court will permit Nevett's FLSA claim to go forward solely as to her theory that her regular rate of pay was incorrectly calculated during the approximately 10 weeks in which she had an on-call shift in addition to her three regular shifts. The Court will otherwise dismiss Nevett's FLSA claim that she performed uncompensated work during meal breaks or by the off-the-clock entry of data.

### C. First Cause of Action – Commencement and Relation Back of FLSA Limitations Period

Renown argues that the Court should reject any contention by Plaintiffs that the FLSA claims relate back to the filing of the original state court complaint, that the limitations period for the FLSA claims is two years, and that the filing of the original complaint should not toll the FLSA limitations period for either the named Plaintiffs or any opt-in plaintiffs. Renown does not, however, identify

---

[2] The Court recognizes that Nevett alleges she worked a 12.5-hour shift which time included her 30-minute meal break. As she has not alleged sufficient facts that she was performing work during any given meal break, the result is that Nevett's regular 12.5-hour shifts were comprised of 12 hours of compensable work.

any allegations in Plaintiffs' First Amended Complaint that would permit the Court to meaningfully address these arguments in considering Renown's motion to dismiss. Accordingly, the Court will not address the arguments as they are premature.

### D. Second Cause of Action -- State Law Claim for Failure to Pay Wages for All Hours Worked

The Court must dismiss this claim as to both defendants for the same reasons that Plaintiffs' allegations regarding meal breaks and off-the-clock data entry are insufficient to support their FLSA claim. Plaintiffs' allegation that Renown automatically deducted 30 minutes from each shift for meal breaks without verifying that Plaintiffs had not performed work, and their non-specific allegations that they performed data entry and were required to be on-call during meal breaks does not raise a plausible inference that, in a given week, they performed work during a meal break for which they were not compensated. Similarly, Plaintiffs' general allegations regarding off-the-clock data entry are insufficient to raise a plausible inference that, in a given week, they performed off-the-clock data entry for which they were not compensated.

### E. Third Cause of Action – Noble's State Law Claim for Failure to Pay Overtime Wages

The Court must dismiss this claim for the same reason that it has dismissed Noble's FLSA claim. Noble has not alleged sufficient facts raising a plausible inference that, during any given week, she performed work during a meal break or performed off-the-clock entry of data.

### F. Fourth Cause of Action – State Law Claim for Failure to Timely Pay All Wages Due and Owing

The Court must dismiss Noble's state law claim for failure to timely pay all wages due and owing at the time her employment with Renown ended. Noble has not alleged sufficient facts to state a claim, under either the FLSA or state law, that she was owed wages when her employment with Renown ended.

Renown asserts that Nevett cannot maintain this claim because the wages due to Nevett is unascertainable and do not become due until a court order issues an order or judgment as to the amount of wages due. Renown does not cite to any authority for its argument. Neither can the Court identify any authority for the proposition that the full amount wages that are owed for work that is performed, but that were not fully paid by the employer, do not become due to the employee until the employee obtains a court order to that effect. Undoubtedly, an employer may not learn that an employee disputes the employer's failure to pay full wages until the employee brings a lawsuit. And, similarly, the employer may dispute the employee's position until a court enters an order resolving that dispute. However, it is the performance of the work and not the employee's demand for full payment that renders the full wages due and owing to the employee. Accordingly, the Court will not dismiss Nevett's state law claim for wages due and owing pursuant to Nev. Rev. Stat. § 608.020.

The Court will deny Renown's motion to dismiss the Fourth Cause of Action for wages due and owing as to Plaintiff Nevett.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant Renown Health's Motion to Dismiss (ECF No. 13) is DENIED as to Plaintiff Emily Nevett's claims, in her First and Fourth Causes of Action, that she was not fully compensated for overtime work because her regular rate of pay was incorrectly calculated and is otherwise GRANTED without prejudice as to all remaining claims. Plaintiffs are granted leave to amend their First Amended Complaint to correct the deficiencies of the dismissed claims. Any such amended complaint must be filed not later than 30 days from the date this Order is entered.

IT IS FURTHER ORDERED that Renown Health's Emergency Motion for Stay (ECF No. 28) is DENIED as moot.

IT IS FURTHER ORDERED that Renown Health's Objection to Magistrate Judge's Order (ECF No. 31) is DENIED as moot.

IT IS SO ORDERED.

Dated: April 18, 2022

_____
ROBERT C. JONES
United States District Judge