**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| EMILY NEVETT and BONNIE NOBLE, on behalf of themselves and all other similarly situated individuals,<br><br>        Plaintiffs,<br><br>v.<br><br>RENOWN HEALTH, and DOES 1 through 50, inclusive,<br><br>        Defendants. | CASE NO. 3:21-cv-00319-ART-CSD<br><br>**ORDER**<br><br>**(1) CONFIRMING CERTIFICATION OF CLASS ACTION AND COLLECTIVE ACTION;**<br><br>**(2) GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT;**<br><br>**(3) APPROVING REPRESENTATIVE PLAINTIFFS' PAYMENTS;**<br><br>**(4) APPROVING ATTORNEYS' FEES AND COSTS;**<br><br>**(5) APPROVING SETTLEMENT ADMINISTRATOR'S COSTS;**<br><br>**(6) OVERRULING OBJECTOR'S OBJECTIONS; AND**<br><br>**(7) ENTERING FINAL JUDGMENT** |

On January 29, 2025, a hearing was held on Plaintiffs' motion for final approval of their class and collective action settlement (the "Settlement"). Joshua Buck, Esq. and Leah L. Jones of Thierman Buck, LLP appeared for the Plaintiffs, and Montgomery Y. Paek, Esq., Andrew Clark, and Emil Kim of Littler Mendelson, P.C. appeared for Defendant.

The Parties have submitted their Settlement, which this Court preliminarily approved by its October 22, 2024, Order (ECF No. 73) (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and an opportunity to comment. Class Members have also been provided with a Claim Form.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court before entering the Preliminary Approval Order and at the final approval hearing, the Court grants final approval of the Settlement, enters this Final Approval Order, and **HEREBY ORDERS** and **MAKES DETERMINATIONS** as follows:

1. The Court has jurisdiction over this action and the parties' Settlement under 28 U.S.C. sections 1331 and 1367, as Plaintiffs' Complaint was brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and related Nevada wage-and-hour law; the Court has original jurisdiction over Plaintiffs' federal law claims; and the Court has supplemental jurisdiction over Plaintiffs' state-law claims because they arise from the same alleged transactions and occurrences as do Plaintiffs' federal-law claims.

2. Pursuant to this Court's Preliminary Approval Order, a Class Notice Packet consisting of a (i) Notice of Proposed Settlement of Class Action, Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval, and (ii) Claim Form was sent to each Class Member by first-class mail. These papers informed Class Members of the terms of the Settlement, their right to receive a proportionate Settlement Share, their right to object to the Settlement or to opt-out of the Settlement, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures.

3. The Court finds and determines that this notice procedure afforded adequate protections to all Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

4. One (1) Class Members filed written objections to the proposed Settlement as part of this notice process or stated an intent to appear at the final approval hearing. The Court considered each objection and hereby overrules all such objections raised by objecting Class Members. No additional Class Members filed written comments to the proposed Settlement.

5. For the reasons stated in the Preliminary Approval Order, this Court finds and determines that the Class, as defined in the definitions section of the Settlement, meets all of the legal requirements for certification as a class action under Fed. R. Civ. P. 23 and as a collective action under section 16(b) of the FLSA, 29 U.S.C. § 216(b), and it is hereby ordered that the Class is finally certified as a class and collective for purposes of Settlement of this action.

6. The Court confirms the appointment of Named Plaintiffs Emily Nevett and Bonnie Noble as Class Representatives and approves a Class Representative Payment in the amount of $15,000.00 each to Named Plaintiffs Emily Nevett and Bonnie Noble. The Court further confirms the appointment of Consent-to-Join Plaintiffs Vicki Dang, Collette Finley, and Natalie King as Class Representatives and approves a Class Representative Payment in the amount of $5,000.00 each to Consent-to-Join Plaintiffs Vicki Dang, Collette Finley, and Natalie King.

7. The Court confirms the appointment of Thierman Buck, LLP as Class Counsel for the Settlement Class and approves their requests for attorneys' fees in the amount of $2,916,666.67 and costs in the amount of $32,951.61.

8. Pursuant to FRCP 23(e), the Court grants final approval to this Settlement and finds that the Settlement is fair, reasonable, and adequate in all respects, including the attorneys' fees, costs, and Incentive Payment provisions. The Court specifically finds that the Settlement confers a substantial benefit to Settlement Class Members, considering the strength of Plaintiffs'

claims and Defendant's defenses, and the risk, expense, complexity, and potential duration of further litigation. The response of the Class supports Settlement approval. Only one (1) Class Members objected to the Settlement and only thirty (30) requested exclusion from the Settlement. The Court further finds that the Settlement is the result of arms-length negotiations between experienced counsel representing the interests of both sides, which supports approval of the Settlement in accordance with the standards set forth in the Joint Motion for Final Approval of Settlement.

9. The Court finds that, as of the date of this Order, each and every Class Member has waived and released claims as set forth in the Settlement Agreement and Notice of Class Action Settlement and that the Class Members who have not opted out will be bound by the Settlement.

10. The Court finds and determines that Simpluris is entitled to $28,170.00 for administrative fees. The Court directs the Parties to effectuate the Settlement terms as set forth in the Settlement Agreement and the Claims Administrator to calculate and pay the claims of the Class Members in accordance with the terms set forth in the Settlement Agreement.

11. Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that Defendant makes all payments in accordance with the Settlement.

12. Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the Parties.

13. If, for any reason, the Settlement ultimately does not become Final (as defined by the Settlement), this Final Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the Parties executed the Settlement; and nothing stated in the Settlement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

14. By means of this Final Approval Order, this Court hereby enters final judgment in this action, as defined in Rule 58(a)(1) of the Federal Rules of Civil Procedure.

15. Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

16. The Parties are hereby ordered to comply with the terms of the Settlement.

17. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except for the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment as provided by the Settlement and approved by the Court in this Order.

Dated: February 3, 2025.

_____
Hon. Anne R. Traum
United States District Judge