1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| EMILY NEVETT and BONNIE NOBLE, on behalf of themselves and all other similarly situated individuals,<br><br>        Plaintiffs,<br><br>    v.<br><br>RENOWN HEALTH, and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No. 3:21-cv-00319-ART-CSD<br><br>**ORDER GRANTING**<br><br>**STIPULATION TO STAY BRIEFING SCHEDULE PENDING THE PARTIES' INVESTIGATION AND DISCOVERY INTO SIMPLURIS, INC.'S HANDLING OF CLAIMS ADMININSTRATION**<br><br>**[FIRST REQUEST]** |

Plaintiffs Emily Nevett and Bonnie Noble and Defendant Renown Health hereby stipulate and agree to stay the briefing schedule set forth in this Court's Order, dated July 15, 2025 (ECF No. 85), pending their joint investigation into Simpluris, Inc.'s administration of the settlement in this matter. This is the parties' first request to stay the briefing schedule and is made in good faith and not for purposes of delay.

On February 3, 2025, the Court issued an Order granting final approval of settlement of Plaintiffs' class and collective claims and entering final judgment (ECF No. 78) (the "Final Approval Order"). The Final Approval Order expressly retained jurisdiction over "all matters relating to the interpretation, administration, implementation and enforcement" of the settlement

1    and dismissed the action with prejudice (*id.* at 5).  The appeals period expired without an appeal.

2         On June 2, 2025, Plaintiffs submitted a Status Report and Request for Hearing Regarding

3    Class Members Claims Form Processing Issues (ECF No. 79).  Plaintiffs' Status Report outlined a

4    possible irregularity in the disbursement of settlement proceeds by third-party administrator,

5    Simpluris, Inc., to 440 class members (*id.* at 5–7).  The Status Report explained that 440 class

6    members claimed to have timely submitted their claims forms to Simpluris for processing, but that

7    Simpluris had no record of receiving those claims forms (*id.* at 9).  As a result, these claimants did

8    not receive a settlement disbursement (*id.*).  Defendant submitted a Status Report on July 9, 2025

9    (ECF No. 83), and Plaintiffs submitted a Rebuttal Status Report on July 10, 2025 (ECF No. 84).

10        The Court held a hearing on Plaintiffs' Status Report on July 15, 2025.  During the hearing,

11    the Court declined to fashion relief or make any findings of fact, given the procedural posture of

12    the case and the lack of motion before the Court.  *See* Trans. of Proceeding 38:17–20.  Instead, the

13    Court ordered Plaintiffs to file supplemental briefing on whether the case should be reopened to

14    investigate the irregularities in Simpluris's settlement disbursements within sixty days of the

15    hearing.  *Id.* at 42:3.  Plaintiffs' supplemental briefing is due on September 15, 2025.  The Court

16    ordered Defendant to file a response to Plaintiffs' supplemental briefing within thirty days, to which

17    Plaintiffs would have fourteen days to file a reply.  *Id.*, *id.* at 42:10–12.

18        Despite its Order for supplemental briefing, the Court acknowledged that there may be

19    facets of the parties' investigation that would require a "discovery exchange" and that "something

20    of that nature would need to happen afterwards."  *Id.* at 40:5–8.  The Court also invited the parties

21    to meet and confer to determine the scope and extent of any such discovery-like efforts.  *Id.* at 40:9–

22    16.  On August 14, 2025, the parties held a meet-and-confer conference to discuss the status of this

23    matter and the related briefing schedule.  During the meet-and-confer conference, the parties agreed

24    that additional investigation into Simpluris's administration of the settlement and related law

25    enforcement investigations are necessary before submitting additional briefing or seeking to reopen

26    proceedings.

27        In light of the parties' agreement that additional investigation into Simpluris's

28    administration of the settlement is necessary, the parties hereby stipulate and agree as follows:

2

1.  The Court retains jurisdiction over the administration of the settlement in this case under Rule 23(e) of the Federal Rules of Civil Procedure to ensure that the settlement is fair, adequate, and reasonable.  The Court's Order granting final approval of settlement acknowledges that, "Without affecting the finality of this Final Approval Order in any way, *the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement*."  (ECF No. 78 at 5:3–5) (emphasis added).  The Court's continuing jurisdiction to oversee the effectuation of settlement is also outlined in the parties' Settlement Agreement, which provides, "the District court will have continuing jurisdiction over the Action and the settlement solely for purposes of (i) enforcing this Agreement, (ii) addressing settlement administration matters, and (iii) *addressing such post-Judgment matters as may be appropriate under court rules or applicable law*."  *See* Settlement Agreement Section III.D.7.c, attached as Exhibit 1 to the parties' Joint Mot. For Preliminary Approval of Settlement (ECF No. 72-1) (emphasis added).

2.  The alleged irregularities related to Simpluris's receipt of class member claims forms and missing settlement disbursements fall within this Court's continuing jurisdiction to address post-judgment matters related to the administration of the settlement in this case.

3.  In light of the Court's continuing jurisdiction over the effectuation of the settlement in this case, the parties agree to stay the briefing schedule outlined in the Court's July 15, 2025 Order, pending their continued investigation into Simpluris Inc.'s administration of the settlement.

4.  To facilitate the parties' joint investigation of Simpluris's administration of this settlement, the parties hereby agree to issue subpoenas to Simpluris, Inc. and/or any current or former employee of Simpluris, Inc. for documents and/or testimony related to its administration of this settlement and the alleged mail-theft and investigation into the same within thirty days of the Court's entry of this Order.

5.  The parties further stipulate and agree to issue subpoenas for documents and/or testimony, if necessary, to any law enforcement organization investigating the alleged mail theft of Simpluris property from November 2024 to the present within thirty days of the Court's entry of this Order.

6.     The parties further stipulate and agree to notice the depositions of relevant Simpluris employees, which may include but are not limited to, former Simpluris employee Markus Bulthuis, Simpluris's Senior Client Services Director Denise Islas, Manager of Client Services Lisa Pavlik, Simpluris Inc.'s person most knowledgeable, and any other relevant employee with knowledge of the administration of the settlement in case and/or the alleged mail theft of Simpluris property within fifteen days of the parties' receipt of acceptable responses to their respective subpoenas.

7.     Finally, the parties stipulate and agree to request an evidentiary hearing, if necessary, to resolve any disputed issues of fact related to Simpluris's administration of the settlement in this case.

8.     The parties further stipulate and agree to submit a joint status report within sixty days of the Court's entry of this Order to inform the Court of the relevant developments of their discovery efforts, including whether an evidentiary hearing will be necessary.

*[Remainder of page intentionally left blank.]*

4

1        9.      The parties further stipulate and agree that they have entered into this stipulation in

2    good faith and not for purposes of delay.

3        **IT IS SO STIPULATED.**

4    Dated: September 10, 2025          Dated: September 10, 2025

5    Respectfully submitted,          Respectfully submitted,

6

7    */s/ Leah L. Jones*          */s/ Andrew S. Clark*

8    MARK R. THIERMAN, ESQ.          MONTGOMERY Y. PAEK, ESQ.
JOSHUA D. BUCK, ESQ.          ETHAN D. THOMAS, ESQ.

9    LEAH L. JONES, ESQ.          ANDREW S. CLARK, ESQ.
THIERMAN BUCK LLP          LITTLER MENDELSON, P.C.

10    *Attorneys for Plaintiffs*          *Attorneys for Defendant*
EMILY NEVETT and BONNIE NOBLE     RENOWN HEALTH

11

12

13                        **IT IS SO ORDERED.**

14                        Dated:  September 11, 2025

15

16

17                        ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28