GARMAN TURNER GORDON LLP
DYLAN T. CICILIANO
NV Bar No. 12348
Email: dciciliano@gtg.legal
J. SEAN BENEVENTO
NV Bar No. 16498
Email: jsbenvento@gtg.legal
7251 Amigo Drive, Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000
Fax: (725) 777-3112
*Attorneys for Non-Party Simpluris, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EMILY NEVETT and BONNIE NOBLE, on behalf of themselves and all other similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>RENOWN HEALTH,<br><br>Defendants. | CASE NO.: 3:21-cv-319-ART-CSD<br><br>**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |

Plaintiffs Emily Nevett, Bonnie Noble, and all other similarly situated individuals ("Plaintiffs"), Defendant Renown Health ("Defendant" or "Renown Health"), and non-party Simpluris, Inc. ("Simpluris"), by and through their respective counsel of record, hereby enter into this Stipulated Confidentiality Agreement and Protective Order (the "Stipulated Protective Order") pursuant to FRCP 26(c) and FRCP 29, as follows:

In response to the subpoena Renown Health served on Simpluris on October 6, 2025 ("Subpoena"), the Parties anticipate that Simpluris will be required to produce documents, information, or evidence that relates to non-public financial, business, and personally identifiable information that is proprietary or confidential. This Stipulated Protective Order is designed to protect such information from public disclosure.

1. In this Stipulated Protective Order, the words set forth below shall have the following meanings:

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

a. "Proceeding" means Case No. 3:21-cv-319-ART-CSD pending in the United States District Court for the District of Nevada and any related appellate or ancillary cases.

b. "Court" means the Hon. Anne R. Traum or any other judge to which the Proceeding may be assigned, including Court staff participating in such proceedings.

c. "Confidential" means any documents, testimony, or information which a party believes in good faith contains or reveals confidential trade secrets, proprietary business information, financial information, or nonpublic personal, client, or customer information.

d. "Confidential Materials" means any documents, testimony, or information, designated as "Confidential" pursuant to the provisions of this Stipulated Protective Order.

e. "Production" means any and all documents, testimony, or information produced by Simpluris in response to the Subpoena or any future subpoenas issued to Simpluris in this Proceeding.

f. "Disclose" or "Disclosed" or "Disclosure" or "Disclosing" means to reveal, divulge, give, or make available all or any part of documents, testimony, or information.

2. Confidential Materials or the substance or context thereof, including any notes, memoranda, or other similar documents relating thereto or derived therefrom, shall not be Disclosed or summarized in a fashion that discloses the substance of the confidential trade secrets, proprietary business information, financial information, or nonpublic personal, client, or customer information, either in writing or orally, by a receiving Party to anyone other than persons permitted to have access to such information under this Stipulated Protective Order. Nothing in this Stipulated Protective Order shall limit disclosure or use by Simpluris of its own Confidential Materials.

/ / /

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

2 of 11

3. The Parties agree to treat the Production as Confidential Materials to the extent that Confidential Materials are properly marked and disclosed as required by the provisions of this Agreement.

4. Except as set forth expressly herein, the entry of this Stipulated Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party or non-party with respect to the discovery of matters, including but not limited to any Party's or non-party's right to assert the attorney-client privilege, the attorney work product doctrine, or other protections and privileges, or any Party's right to contest any such assertion.

5. Any documents, testimony, or information to be designated as "Confidential" must be clearly so designated before the document, testimony, or information is Disclosed or produced. The "Confidential" designation should not obscure or interfere with the legibility of the designated information. For documents or TIFF images, Simpluris shall affix the legend "Confidential" on each page of any document or TIFF image containing such designated material. Notwithstanding the foregoing, Excel documents or any other type of electronically stored information produced in native format ("Natively Produced ESI") containing "Confidential" information need not be produced using a means sufficient to ensure that every page of such document, when printed, contains the appropriate mark or stamp. Instead, Simpluris shall use reasonable means to designate as "Confidential" such Natively Produced ESI, including, where applicable and/or practicable, by (i) producing a TIFF placeholder image corresponding to the Natively Produced ESI that includes the "Confidential" mark; (ii) including "Confidential" in the file name of the Natively Produced ESI; or (iii) including "Confidential" on the label of the media or in the production letter for the Natively Produced ESI.

6. The inadvertent production by Simpluris of any document, testimony, or information in response to the Subpoena without a "Confidential" designation shall be without prejudice to any claim that such item is "Confidential" and Simpluris shall not be held to have waived any rights by such inadvertent production. In the event that any document, testimony, or information that is subject to a "Confidential" designation is inadvertently produced without such designation, Simpluris shall promptly give written notice of such inadvertent production, identify

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

3 of 11

(by production number) the affected material, and provide a new copy of the subject document or information designated as "Confidential" (the "Inadvertent Production Notice") within ten (10) business days of the inadvertent production. Upon receipt of such Inadvertent Production Notice, any Party that received the inadvertently produced document or information ("Receiving Party") shall promptly make reasonable efforts to destroy the inadvertently produced document, testimony, or information and all copies thereof, and shall notify Simpluris in writing of such destruction within ten (10) business days of receipt of the Inadvertent Production Notice. Notwithstanding the foregoing, if the Receiving Party disclosed such document or information to persons not authorized to receive that information before receipt of the "Confidential" designation, such Disclosure shall not be deemed a violation of this Stipulated Protective Order. In the event the Receiving Party receives an Inadvertent Production Notice, the Receiving Party shall either make reasonable efforts to promptly retrieve the document or information or shall promptly notify the Designating Party of the distribution and the identity of the person who received the Information. Any Party may object to the "Confidential" designation of documents or information pursuant to the procedures set forth in Paragraph 7 of this Stipulated Protective Order. This provision is not intended to apply to any inadvertent production of any document or information protected by attorney-client or work product privileges.

7. In the event that counsel for a Party receiving documents or information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for Simpluris, in writing, of such objections, setting forth the specific documents, testimony, or information to which each objection pertains and the specific reasons and support for such objections (the "Designation Objections"). Counsel for Simpluris shall have ten (10) calendar days after service of the written Designation Objections to meet and confer with the objecting Party in an attempt to resolve the Designation Objections. If the Parties are not able to resolve the dispute during the meet-and-confer process, the objecting Party may then, after notifying Simpluris, file a motion with the Court seeking to remove any or all designations on documents or information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

4 of 11

all existing designations on the documents, testimony, or information at issue in such Designation Motion shall remain in place.

       8.     Access to and/or Disclosure of Confidential Materials with the "Confidential" designation shall be permitted only to the following persons or entities:

    a.     the Court;

    b.     (i) Attorneys of record in the Proceeding and attorneys at the same firm(s) as the attorneys of records, along with their paralegal, clerical, secretarial, and other support staff; and (ii) In-house counsel to the undersigned Parties and their paralegal, clerical, secretarial, and other support staff.  Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulated Protective Order and that they may not be Disclosed other than pursuant to its terms;

    c.     those current officers, directors, partners, members, employees, advisors, attorneys, and agents of a Party that the attorneys of record for such Party deem necessary to aid in the prosecution or defense of the Proceeding; provided, however, that each such current officer, director, partner, member, employee, advisor, attorney or agent given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulated Protective Order and that they may not be Disclosed other than pursuant to its terms;

    d.     those former officers, directors, partners, members, employees, advisors, attorneys and agents of a Party that the attorneys of record for such Party deems necessary to aid in the prosecution or defense of the Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such former officer, director, partner, member, employee, advisor, or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulated Protective Order  to such person, shall explain that such person is bound to follow the terms

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

|   |   |   |
|---|---|---|
|   |    | of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A; |
|   | e. | court reporters in the Proceeding (whether at depositions, hearings, or any other proceeding) and deposition videographers in the Proceeding; |
|   | f. | any mediator or other facilitator of alternative dispute resolution engaged by the Parties in the Proceeding; provided, however, that each such mediator or other facilitator given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulated Protective Order and that they may not be Disclosed other than pursuant to its terms; |
|   | g. | any deposition, trial, or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee, advisor, or agent of an entity that has had access to the Confidential Materials; |
|   | h. | any deposition, trial, or hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulated Protective Order and that they may not be Disclosed other than pursuant to its terms; |
|   | i. | mock jury participants (including facilitators of the mock jury exercise), provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulated Protective Order  to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. |
|   | j. | outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at |

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

any deposition, trial, or hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulated Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A; and

k.  any other person or entity that Simpluris agrees to in writing or on the record at a deposition or hearing.

9.  If counsel for a Party learns of any breach of this Stipulated Protective Order by any person to whom the Party Disclosed "Confidential" information pursuant to the terms of this Stipulated Protective Order, the Party shall promptly notify counsel for Simpluris of such breach.

10. Confidential Materials shall be used by the persons or entities receiving them only for the purposes of preparing for, conducting, participating in the conduct of, prosecuting and/or defending, appealing, and/or attempting to settle the Proceeding, and not for any business or other purpose whatsoever.

11. Any Party to the Proceeding (or other person subject to the terms of this Stipulated Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulated Protective Order.

12. In addition to the rights of Simpluris to make designations, any Party may designate documents or information within the Production as "Confidential" in the same manner and under the same terms as Simpluris may under this Stipulated Protective Order.

13. Where any Confidential Materials, or information derived therefrom, is to be included in any motion or other submission to the Court, the Party making the motion or other submission (the "Moving Party") shall 1) seek to have the Confidential Materials sealed, 2) redact from the Confidential Materials all information unrelated to the Proceeding, and 3) redact from the Confidential Materials personally identifiable information.

14. The inadvertent Disclosure in the Production of documents, testimony, or information that Simpluris believes is protected by the attorney-client privilege, the work product

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

7 of 11

doctrine, or any other privilege or immunity from discovery shall not constitute a waiver with respect to such privilege or immunity. In the event of an inadvertent Disclosure of allegedly privileged information, Simpluris may provide notice in writing to the receiving Party or Parties advising of the inadvertent disclosure, requesting return of the allegedly privileged information, and asserting the basis of the clawback request. Upon such notice, the receiving Party or Parties shall make no further use of the allegedly privileged information, shall immediately segregate the information in a manner that will prevent any further Disclosure or dissemination, and shall take reasonable steps to retrieve the information to the extent it was Disclosed or disseminated prior to receipt of the notice. Within ten (10) calendar days of receiving the notice of inadvertent Disclosure, the receiving Party shall return all allegedly privileged information in its possession, custody, or control, or shall provide written confirmation that such information has been deleted or destroyed and shall not use the knowledge gleaned or obtained from the inadvertent Disclosure for any purpose, including compelling disclosure of the information. Within twenty (20) calendar days of providing the notice of inadvertent Disclosure, or as otherwise agreed, Simpluris shall provide the receiving Party or Parties with a privilege log identifying the allegedly privileged information that was inadvertently Disclosed and the asserted grounds for privilege. Privileged information that relates to the Proceeding and was created on or after the commencement of the Proceedings need not be identified on any privilege log. The return of any discovery material to Simpluris shall not in any way preclude the receiving Party from moving the Court for a ruling that the Disclosed information was never privileged or otherwise immune from discovery. In the event there is a dispute over whether the Information at issue is protected from Disclosure by virtue of a privilege or immunity from discovery, counsel shall undertake reasonable, good-faith efforts to resolve the issue without Court intervention. To the extent counsel cannot resolve the issue, any receiving Party may bring a motion to compel production of the allegedly privileged information. Allegedly privileged information shall remain protected against Disclosure and use during the pendency of any dispute over its status. This agreement shall not alter any Parties' duties or obligations under any applicable Rules of Professional Conduct.

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

8 of 11

15. Unless the undersigned Parties agree otherwise in writing, within sixty (60) calendar days after the final conclusion of all aspects of the Proceeding by settlement or by judgment not subject to further appeal, the undersigned Parties shall either return all Confidential Materials to Simpluris or destroy all Confidential Materials, and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulated Protective Order, all work product, and one copy of each pleading filed with the Court). At the conclusion of the sixty (60)-day period, counsel for each Party shall produce to Simpluris a certification stating that, to counsel's knowledge and belief, the Party has either returned or destroyed all applicable Confidential Materials in accordance with this Stipulated Protective Order.

16. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulated Protective Order pending its approval and entry by the Court. In the event the Court modifies this Stipulated Protective Order, or in the event that the Court enters a different Stipulated Protective Order, the Parties agree to be bound by this Stipulated Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulated Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

17. The Parties may execute and acknowledge this Stipulated Protective Order in multiple counterparts, and if executed in such manner, it shall be valid and binding as if all Parties had executed the same original.

18. This Stipulated Protective Order shall remain in full force and effect until modified, superseded, or terminated by consent of the Parties or by Order of the Court, and shall NOT survive the termination of the Proceeding.

**IT IS SO ORDERED.**

Dated: November 12, 2025



_____
UNITED STATES MAGISTRATE JUDGE

| | |
|---|---|
| Dated this 10th day of November 2025. | Dated this 10th day of November 2025. |
| GARMAN TURNER GORDON LLP | THIERMAN BUCK, LLP |
| /s/ J. Sean Benevento | /s/ Leah L. Jones |
| DYLAN T. CICILIANO | JOSHUA D. BUCK |
| NV Bar No. 12348 | NV Bar No. 12187 |
| J. SEAN BENEVENTO | LEAH L. JONES |
| NV Bar No. 16498 | NV Bar No. 13161 |
| 7251 Amigo Drive, Suite 210 | 325 Liberty St. Reno, NV |
| Las Vegas, Nevada 89119 | Tel: (775) 284-1500 |
| Tel: (725) 777-3000 | *Attorneys for Plaintiffs Emily Nevett, Bonnie Noble, and all other similarly situated individuals* |
| *Attorneys for Non-Party Simpluris, Inc.* | |

Dated this 10th day of November 2025.

LITTLER MENDELSON, P.C.

/s/ Andrew S. Clark
MONTGOMERY Y. PAEK
NV Bar No. 10176
ETHAN D. THOMAS
NV Bar No. 12874
ANDREW S. CLARK
NV Bar No. 14854
8474 Rozita Lee Avenue, Suite 200
Las Vegas, Nevada 89113
Tel: (702) 862-8800
*Attorneys for Defendant Renown Health*

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

10 of 11

**EXHIBIT A**

CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____, am about to receive Confidential Materials supplied in connection with the Proceeding. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulated Protective Order filed in this Proceeding. I have been given a copy of the Stipulated Protective Order; I have read it, and I agree to be bound by its terms.

I understand that the Confidential Materials, as defined in the Stipulated Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulated Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Stipulated Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

I declare under penalty of perjury, under the laws of the State of Nevada, that the foregoing is true and correct. Executed this _____ day of _____, 20__, at _____.

DATED:_____

BY:_____
    Signature

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000